## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **SUE SHARABI** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:21-cv-693** |
| **v.** | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **COWTOWN REDI MIX, INC.** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

1.     Plaintiff, SUE SHARABI ("Plaintiff"), by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendant, COWTOWN REDI MIX, INC. ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.   §§ 2000e, et seq., the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq. ("TLC"), and any other causes of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e et seq., as amended, and (iii) 42 U.S.C. §§ 1981 et seq., as amended.

**ORIGINAL COMPLAINT**

1

3.      The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper under Title VII as the unlawful employment practices alleged occurred in this jurisdiction.

## PARTIES

5.      Plaintiff is a female.

6.      At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII and the TLC.

7.      Upon information and belief, Defendant employs over fifty (50) persons.

8.      During all relevant times, Defendant has been an employer covered by Title VII and the TLC.

9.      Defendant transacted and continues to transact business in Texas, by among other things, employing persons at its facilities located in Texas and within this judicial district, namely its McKinney, Texas facility where Plaintiff worked.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

10.      Plaintiff has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

11.      Plaintiff received her Notice of Right to Sue from the EEOC  within 90 days prior to the prior to the filing of this Complaint.

**ORIGINAL COMPLAINT**

## STATEMENT OF FACTS

12.     Sue Sharabi, Plaintiff, was hired by Defendant at its McKinney, Texas location in March 2019.

13.     During the course of a first attempt at hire, Ms. Sharabi revealed that she had submitted a sexual harassment complaint when working at her prior employer.  She was initially turned down for hire.

14.     She re-applied through the corporate headquarters, and got the job.

15.      Plaintiff began her employment with Cowtown as a Cement Mixer Driver at Defendant's McKinney location.  She was the only female Driver  at Defendant's workplace.

16.     After Ms. Sharabi was hired, male employees were informed of her prior report of sexual harassment.  Her co-workers and supervisors were warned to stay away from her because she "files sexual harassment charges against men."

17.     Thereafter, witnesses overheard remarks indicating that management wanted to get Ms. Sharabi fired or make the job so miserable for her that she would decide to quit.

18.     Soon after starting her job, it became clear to Ms. Sharabi that male employees and supervisors were attempting to sabotage Ms. Sharabi's prospects of success at Cowtown. For example, she was sent out with a wet batch of material that was rejected by the customer. A co-worker and supervisor then tried to give Ms. Sharabi a write-up for this incident.  She was not written up only because Ms. Sharabi complained to the Operations Manager.

19.     Ms. Sharabi had initially applied for the Rock Hauler position in addition to the Cement Mixer Driver position, with a preference for the Rock Hauler position.  However, the Rock Hauler position was not available when she was hired.   She was told by the individual who hired

**ORIGINAL COMPLAINT**

her that she would be the next to fill that position.  Yet Defendant trained a male employee on the relevant truck when it became available instead of moving Ms. Sharabi into that position.

20.     After discussing this situation with Roseann Salas in the Payroll/Human Resources department and with the Operations Manager, Ms. Sharabi was transferred to the Rock Hauler position in or around May 2019.

21.     Ms. Sharabi was required to wear company uniforms while male employees were not forced to wear such uniforms.

22.     Ms. Sharabi received disciplinary measures in situations where male employees were not so disciplined.

23.     For example, on or around June 28, 2019, Ms. Sharabi was written up for an infraction, even though she had acted in a manner common among male employees.

24.     Ms. Sharabi told Ms. Salas in Payroll/HR that she was being subjected to discriminatory treatment due to the knowledge of co-workers and supervisors that she had reported sex harassment in the past.

25.     On or around July 13, 2019, Ms. Sharabi was terminated purportedly due to excessive disciplinary notices.  However, upon information and belief, at least one male similarly situated employee had received multiple write-ups and suspensions and was not terminated.  In addition, some write-ups were unsigned, and had never been presented to her before termination.

26.     Defendant's reason for termination is a pretext for discrimination.  Plaintiff was terminated based upon her sex, female, and in retaliation for her engaging in protected activity under Title VII.

**ORIGINAL COMPLAINT**

4

**AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
§42 U.S.C. 2000e *et seq.***
*(Retaliation)*

27.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

28.     Plaintiff engaged in protected activity by reporting sexual harassment to management when working at a prior employer.

29.     Upon inquiry, Plaintiff informed management at Defendant that she had engaged in this protected activity at her prior place of work.

30.     In addition, after hire, Plaintiff informed Defendant's HR official that she felt was being retaliated against due to her having reported sex harassment at her prior employer.

31.     Defendant subjected Plaintiff to discriminatory terms and conditions of employment based on retaliation for engaging in protected activity under Title VII.

32.     Defendant discharged Plaintiff based on retaliation for her engaging in protected activity.

33.     The Plaintiff's requests for relief are set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000e, et
seq.
(Discrimination Based on Sex)**

34.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

**ORIGINAL COMPLAINT**

35.     The conduct alleged herein violates Title VII as the Defendant discriminated against Plaintiff based on her sex, female, with regard to the terms and conditions of her employment.

36.      The conduct alleged herein violates Title VII as the Defendant terminated Plaintiff based on her sex, female.

37.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF THE TEXAS EMPLOYMENT DISCRIMINATION ACT, AS AMENDED, TEX. LAB. CODE §§ 21.001 *et seq.***
*(Retaliation)*

38.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

39.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq., as Defendant has discharged Plaintiff in retaliation for engaging in protected activity by previously complaining of harassment based on sex, and by complaining to Defendant about retaliatory treatment due to her prior protected activity.

40.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF THE TEXAS EMPLOYMENT DISCRIMINATION ACT, AS AMENDED, TEX. LAB. CODE §§ 21.001, *et seq.***
*(Discrimination)*

41.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq., as

**ORIGINAL COMPLAINT**

6

Defendant has subjected Plaintiff to disparate terms and conditions of employment based on her sex, female, and discharged Plaintiff based on her sex, female.

42.     Plaintiff's requests for relief are set forth below.

## DEMAND FOR JURY TRIAL

43.     Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A.  A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII.

B.  All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Defendants' discriminatory practices, and for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses such as humiliation and embarrassment.

C.  Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious and reckless conduct;

D.  Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E.  Pre-judgment and post-judgment interest, as provided by law;

F.  That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G.  Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

**ORIGINAL COMPLAINT**

7

H.  Training on the subject of  harassment based on sex and  regarding retaliation for reporting sex harassment for all supervisory personnel.

I.  Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination including but not limited to retaliation.

J.  Removal from Ms. Sharabi's personnel file of all references to her charge and this lawsuit.

K.  Active monitoring of the work areas to ensure compliance with discrimination policies;

L.  Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**Dated:** September 3, 2021

Respectfully submitted,

*/s/Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas  78731
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**ORIGINAL COMPLAINT**